**Valerie BREW–PARRISH,**
**Plaintiff–Appellant,**

v.

**BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY and Cathy Devera, Defendants–Appellees.**

No. 95–2477.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 16, 1996.

Decided March 11, 1996.

Jan J. Kinzie (argued), Owen, Shoup & Kinzie, Indianapolis, for plaintiff-appellant.

Shari R. Rhode (argued), Southern Illinois University, Carbondale, for defendants-appellees.

Before POSNER, Chief Judge,
CUMMINGS and BAUER, Circuit Judges.

CUMMINGS, Circuit Judge.

Valerie Brew–Parrish ("Parrish") brought suit against Southern Illinois University ("SIU") alleging that it discriminated against her in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. A jury concluded that it did not. She appeals that verdict and we affirm.

Parrish began working for SIU in September 1976 as a Professional Placement Counselor at the Career Planning & Place-

ment Center and Disabled Student Services. In January 1990, she was reassigned to the Student Health Program. She brought suit against SIU alleging that through the reassignment, SIU did not provide her reasonable accommodation, harassed her, and subjected her to disparate treatment, all in violation of the Rehabilitation Act of 1973, which prohibits employment discrimination against persons with disabilities by entities receiving federal funds. The case was tried to a jury, which concluded that SIU did not discriminate against Parrish through disparate treatment or by failing to reasonably accommodate her disability. Parrish appeals that verdict on the ground that the jury was improperly instructed.

At trial, the district court gave the following instruction to the jury:

Instruction # 21:

If Plaintiff proves by a preponderance of the evidence that Defendant SIU intentionally discriminated against her solely because of her disability as claimed in Count II of her complaint, then she may recover compensatory damages only for conduct which occurs on or after November 21, 1991.

Parrish claims that this instruction is an incorrect statement of the law. The Rehabilitation Act of 1973 does not specify the damages a plaintiff may recover for violations of the Act. Rather, it allows plaintiffs "the remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.]." 29 U.S.C. § 794a(a)(2). The district court did not fully explain its decision to limit damages to those resulting from conduct occurring after November 21, 1991, but we assume that it adopted the following reasoning set forth in SIU's brief to this Court. SIU notes that the Supreme Court recently held that in discrimination cases, "federal courts may use any available remedy to make good the wrong done," *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939, and that "[t]he general rule, therefore, is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause

of action pursuant to a federal statute." *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 70–71, 112 S.Ct. 1028, 1035, 117 L.Ed.2d 208. The Court then held that because Congress had expressed no intent to limit a plaintiff's available relief, Title IX allows plaintiffs a full panoply of remedies, both legal and equitable, for intentional violations of the statute. *Id.* Despite the recognized similarities between the Rehabilitation Act and Title IX, as well as the Rehabilitation Act's specific reference to the remedies allowed under Title VI, SIU argues that because Parrish's case is one of employment discrimination, we should look to Title VII of the Civil Rights Act of 1964 (prohibiting employment discrimination on the basis of certain protected classes such as race, color, religion, sex, and national origin, but not disability) to determine Congress's intent on whether to limit the traditional presumption that all remedies are available to a plaintiff alleging employment discrimination. SIU then notes that prior to the Civil Rights Act of 1991, the remedies available to a successful Title VII plaintiff were only equitable in nature and that in *Landgraf v. USI Film Prods.*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229, "the Supreme Court held that a Title VII plaintiff cannot recover either compensatory or punitive damages if the actionable conduct occurred before enactment of [the Civil Rights Act of 1991]." *Dombeck v. Milwaukee Valve Co.*, 40 F.3d 230, 235 (7th Cir.1994). Thus SIU argues that Parrish's damages should be limited to those resulting from conduct that occurred after November 21, 1991, the effective date of the Civil Rights Act of 1991.

Contrary to SIU's argument, numerous Circuit Courts of Appeals have interpreted § 504 to independently allow compensatory damages. *W.B. v. Matula*, 67 F.3d 484, 494 (3d Cir.1995) (holding that § 504 directly allows the full range of traditional remedies, including monetary damages); *Moreno v. Consolidated Rail Corp.*, 63 F.3d 1404, 1414 (6th Cir.1995) (same); *Rodgers v. Magnet Cove Pub. Sch.*, 34 F.3d 642, 645 (8th Cir. 1994) (same); *Waldrop v. Southern Co. Serv., Inc.*, 24 F.3d 152, 157 n. 5 (11th Cir.1994) (same); *Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 831–832 (4th Cir.1994) (same).

Nonetheless, we need not express an opinion on the issue in this case because even if § 504 independently allows compensatory damages, the error in the instruction to the jury was harmless. Parrish readily admits that she was permitted by the district court to introduce evidence of the alleged discriminatory conduct for the entire period of her employment at the Student Health Program, including the period prior to November 21, 1991. She contends, however, that the instruction prejudiced her because it implied to the jury that it was not entitled to rule on the question of whether SIU discriminated against her prior to 1991. We disagree. The instruction in no way suggested that events prior to November 21, 1991, were not to be considered in determining whether SIU discriminated against Parrish; it stated only that Parrish was limited in her entitlement to damages to those resulting from conduct after that date. Moreover, in closing argument, Parrish's counsel specifically explained the consequences of the November 21, 1991, date to the jury:

> You'll be instructed, I believe, that you will not be able to compensate Mrs. Brew–Parrish for anything that did or did not happen prior to [November 21, 1991]. But those things did happen. You will be able to use that information (the alleged events prior to November 21, 1991) to help you determine whether those unlawful acts of discrimination continued after . . . the enactment of those laws. You will be able to give her compensation for her humiliation and her pain and suffering, loss of enjoyment of life, as the evidence showed to you from the testimony. [Pl.App. 24].

The jury then returned answers to special interrogatories that SIU (1) did not discriminate against Parrish by limiting, segregating, or classifying her in a way that adversely affected her opportunities or status; (2) did not discriminate against her by failing to take reasonable steps to accommodate her disability; (3) acted reasonably to accommodate her disability; and (4) did not discriminate against her by subjecting her to different terms and conditions than other employees solely because of her handicap. Thus we conclude that the jury's determination that SIU did not violate § 504 of the Rehabilitation Act by discriminating against Parrish was not affected by the district court's limitation on damages.

Judgment affirmed.