Floyd ROBINSON, Plaintiff–Appellant,

v.

Thomas PAGE, et al., Defendants–
Appellees.

No. 96–4239.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 10, 1998.

Decided March 16, 1999.

Floyd Robinson, Tamms Closed Maximum
Security Facility, Tamms, IL, for Plaintiff–
Appellant.

Before POSNER, Chief Judge, and
FLAUM and EASTERBROOK, Circuit
Judges.

POSNER, Chief Judge.

This appeal from the dismissal of the com-
plaint in a prisoner's civil rights case pres-
ents one nonfrivolous issue, concerning the
meaning of 42 U.S.C. § 1997e(e), which was
enacted in 1996 and provides: "No Federal
civil action may be brought by a prisoner
confined in a jail, prison, or other correction-
al facility, for mental or emotional injury
suffered while in custody without a prior
showing of physical injury." See, e.g., Zeh-
ner v. Trigg, 133 F.3d 459 (7th Cir.1997);
Davis v. District of Columbia, 158 F.3d 1342
(D.C.Cir.1998). The plaintiff claims that
there is lead in the prison's drinking water,
that the defendant prison personnel know
this and refuse to do anything about it, that
the lead is dangerous to the plaintiff's health,

and that the defendants' conduct is a violation of the cruel and unusual punishments clause of the Eighth Amendment, which has been held to bind the states by virtue of the Fourteenth Amendment.

 The district court thought that because the plaintiff had not alleged that the amount of lead in the drinking water has reached a level that is making him ill, section 1997e(e) bars his suit. We do not think this is correct. Section 1997e(e), as its wording makes clear, is applicable only to claims for mental or emotional injury. It has no application to a claim involving another type of injury. So when, as in the present case, a prisoner alleges an injury that is neither mental nor emotional, the court has no occasion to consider the meaning of the statutory term "physical injury" (on which see *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)) or whether what the prisoner is alleging can be fitted into it. So we need not consider whether the term is limited to present, palpable, traumatic injuries or disease symptoms, or embraces as well latent, presymptomatic illnesses (such as the earliest stages of infection with the AIDS virus) or health-threatening conditions, such as a high level of serum cholesterol. Cf. *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Goffman v. Gross*, 59 F.3d 668, 671–72 (7th Cir.1995); *Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 846 (3d Cir.1995); *Marchica v. Long Island R.R.*, 31 F.3d 1197, 1203–04 (2d Cir.1994); *Nelson v. American National Red Cross*, 26 F.3d 193, 196–97 (D.C.Cir.1994); *District of Columbia v. Ross*, 697 A.2d 14, 18–19 (D.C.App. 1997) (a lead-poisoning case).

It is unclear from Robinson's complaint whether he thinks that he *is* suffering from lead poisoning or that (because the body retains lead, so that lead poisoning is cumulative) he *will* suffer from it some day, when continued drinking of the prison's water brings the level of lead in his body above a safe threshold. The complaint alleges "that lead is in the drinking water and defendants ... are very abreasted to this unsafe and unhealthy issue, but are taking no measurements to correct it.... [A]s a direct result of the conduct of defendants ... plaintiff has suffered ... health risk and future risk of health and safety." But while it is thus uncertain whether the plaintiff is claiming that he has already been injured, it is also irrelevant insofar as his complaint is about the consequences, present or future, for his physical as distinct from his mental or emotional health.

This would be completely clear if the complaint contained no reference to mental or emotional injury. It would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits. The domain of the statute is limited to suits in which mental or emotional injury is claimed. So what if—as happens to be our case—the complaint *also* seeks redress for unspecified mental and emotional suffering? Must the entire complaint be dismissed if physical injury is not alleged, or just the claim for mental or emotional suffering?

The latter is the natural reading of the statute, and there is no legislative history or other source of meaning to contradict the natural reading. It might be possible as a linguistic matter to read the statute to mean that a physical injury must be shown if any mental or emotional injury is alleged, even if another type of injury is also alleged. But it would not be a sensible reading. Suppose the prisoner alleged that prison officials had taken away his property in violation of his constitutional rights and that the violation had also caused him psychological distress, and he sought damages both for the value of the lost property and for the distress. On the view that section 1997e(e) is triggered whenever mental or emotional injury is alleged, the suit would have to be dismissed in its entirety because of the absence of any showing of a physical injury. Yet all that is necessary or appropriate in such a case is to bar the prisoner's claim for damages for mental and emotional injury. To go further and dismiss the entire suit because it had one bad claim would be not only gratuitous, but also contrary to the fundamental procedural norm that when a complaint has both good and bad claims, in the sense of claims that can and claims that cannot survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), only

the bad claims are dismissed; the complaint as a whole is not. If Congress meant to depart from this norm, we would expect some indication of that, and we find none.

■ As we read the statute, then, if the only form of injury claimed in a prisoner's suit is mental or emotional (for example, if the prisoner claimed that the small size of his cell was driving him crazy), the suit is barred in its entirety. If the suit claims a palpable, current physical injury that is inflicting mental and emotional harm, the suit is unaffected by the statute. If the suit contains separate claims, neither involving physical injury, and in one the prisoner claims damages for mental or emotional suffering and in the other damages for some other type of injury, the first claim is barred by the statute but the second is unaffected.

The question we shall leave open is whether the "physical injury" that is the predicate for an award of damages for mental or emotional suffering must be a palpable, current injury (such as lead poisoning) or a present condition not injurious in itself but likely to ripen eventually into a palpable physical injury. Until the precise character of Robinson's claim about the effect of the lead in the water on his physical health is clarified in the further proceedings on remand that we are constrained to order, it is premature to consider whether he is alleging "physical injury" within the meaning of section 1997e(e) and so is eligible to seek damages for mental and emotional injury as well as for the risk or injury that he alleges to his physical health. For he may well be alleging lead poisoning, which is everyone's idea of a "physical injury," rather than a gradual build up in the level of lead in his blood.

As a final example, suppose Robinson were suing for reduced life expectancy resulting from heavy ambient smoke in his cell block. We believe that as long as he was not seeking any damages for mental or emotional suffering caused by the smoke, and suppose he was not, section 1997e(e) would not be in play at all. Suppose he amended the complaint to add a count in which he sought damages for such suffering in addition to the relief originally sought. The count would be barred unless the smoking "injury" is a "physical injury" within the meaning of the statute, the kind of question we do not attempt to decide in this case. But would the *entire* complaint have to be dismissed? Would it somehow be fatally contaminated by the addition of the improper count? That seems to us a weird result that has no support in the language or purpose of the statute.

The judgment is affirmed in part and vacated and remanded in part.