**Richard CASSIDY, Plaintiff,**

v.

**INDIANA DEPARTMENT OF CORRECTION, Defendant.**

**No. IP 97–731–C–T/G.**

United States District Court, S.D. Indiana, Indianapolis Division.

April 8, 1999.

John Emry, Attorney at Law, Franklin IN, for plaintiff.

David A. Arthur, Deputy Attorney General, Indianapolis, IN, for defendant.

## ENTRY GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO CLAIMS FOR EMOTIONAL AND MENTAL HARM

TINDER, District Judge.

This matter comes before the court on the Motion for Partial Judgment on the Pleadings as to Claims for Emotional and Mental Harm ("Motion") filed by the Defendant, Indiana Department of Correction ("IDOC"). After considering the Motion and submissions of the parties, the court finds that the Motion should be **GRANTED**.

## I. Background

Mr. Cassidy is an offender currently confined within the IDOC system. This case concerns the time he spent at the Wabash Valley Correctional Facility ("WVCF"). He claims that IDOC denied him access to programs, services, activities and benefits in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. Mr. Cassidy is blind, qualifying him as an individual with a disability under both Acts. He alleges that because of his blindness, he was denied meaningful use of the WVCF library, recreational areas, educational programs, job programs, and vocational training programs.

Mr. Cassidy filed a Report of Specific Forms of Relief Sought.[1] It states as follows:

Plaintiff ... submits that he is seeking relief for the following elements of injury or loss:

1. The emotional and mental harm to Richard Cassidy from the inability to pursue the same activities as the non-disabled at Wabash Valley Correctional Facility, embarrassment, and humiliation.

2. The loss of the opportunity to enjoy a discharge from prison early at some point or the chance of a pardon or clemency based on his attempts to rehabilitate himself.

3. The loss of participation in and advantages of activities to which the non-disabled had access while in prison and the loss of the freedom of movement and social contact he would have had as a general population inmate.

4. A diminished quality of life.

5. Loss of rights to access to DOC programs, services and activities guaranteed by federal law.

Plaintiff is not seeking damages for pecuniary losses.

Mr. Cassidy is not seeking injunctive or declaratory relief.

## II. Discussion

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standards applied to a motion for failure to state a claim under Rule 12(b)(6): "the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Gutierrez v. Peters,* 111 F.3d 1364, 1368 (7th Cir.1997) (quotation omitted). In reviewing the Complaint, "all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff." *Id.* at 1369. IDOC is entitled to relief under any set of facts that might be proved within the scope of the Complaints allegations. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.,* 52 F.3d 623, 626–27 (7th Cir.1995).

1. For the purposes of this Motion, the court considers Mr. Cassidy's Report of Specific Forms of Relief Sought as a supplement to the Complaint and a part of the pleadings.

The Report of Specific Forms of Relief Sought was filed pursuant to a Pretrial Order requesting clarification of the relief sought in the Complaint. *See* Fed.R.Civ.P. 16(e).

In April 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L.No. 104–134, 110 Stat. 1321 (1996). The PLRA includes a number of provisions limiting in various ways civil litigation filed by prisoners. The provision at issue here, § 803(d), amends 42 U.S.C. § 1997e by adding subsection (e), entitled "Limitation on Recovery." Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

IDOC seeks partial judgment in its favor as to all claims for emotional and mental injury. IDOC contends this is proper because Mr. Cassidy does not allege physical injury within the meaning of § 1997e(e).

The first issue is whether § 1997e(e) applies to cases brought by prisoners under the ADA and Rehabilitation Act.[2] The statute on its face does not limit its application to any particular cause of action. The court can find only one opinion that has addressed the precise issue at hand, *Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir.1998). The court's entire discussion on the issue is recited below.

> Amicus contends that the plaintiff's allegations also set forth sufficient facts to show a violation of his rights under the public entity provision of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794, even though the plaintiff never specifically mentioned those provisions. Amicus's theory here disregards the impact of § 1997e(e). Assuming the alleged facts would be sufficient to state a claim under those provisions, § 1997e(e) precludes claims for emotional injury without any prior physical injury, re-

gardless of the statutory or constitutional basis of the legal wrong.

*Id.* at 1348–49. In other words, the court held that § 1997e(e) applied to claims under the ADA, but it did so without extended analysis. In *Zehner v. Trigg*, 133 F.3d 459 (7th Cir.1997), the court applied § 1997e(e) to the plaintiff's Eighth Amendment claims with the following discussion: "Section 1997e(e) does not permit recovery for custodial mental or emotional damages 'without a prior showing of physical injury.' However, plaintiffs are not claiming damages for physical injury, as the district judge pointed out. Therefore, they may not recover under Section 1997e(e)." *Id.* at 461 (citations omitted).

Mr. Cassidy asserts that § 1997e(e) applies only when "mental or emotional or physical injury" is a necessary element of a plaintiff's claim. He contends that an element analysis should be employed in order to determine the applicability of 1997e(e), and since neither the ADA nor the Rehabilitation Act require a showing of mental or emotional or physical injury, § 1997e(e) should not apply. In support of this argument he cites *Barnes v. Ramos*, No. 94 C 7541, 1996 WL 599637 (N.D.Ill., Oct 11, 1996). The court in *Barnes* rejected the application of § 1997e(e) to the plaintiff's Eighth Amendment and Fourteenth Amendment due process claims. The court stated:

> For none of these claims does Barnes assert that he suffered emotional or mental harm, nor do any of these causes of action require such an allegation. For example, a § 1983 action alleging a procedural due process clause violation requires proof of three elements, none of which include emotional, mental, or physical harm: 1) a deprivation of a constitutionally protected liberty or property interest; 2) state action; and 3) constitutionally inadequate process.

**2.** The Supreme Court recently held that the ADA applies to inmates in state prisons. *See Pennsylvania Dept. of Corrections v. Yeskey,*

524 U.S. 206, 118 S.Ct. 1952, 1953, 141 L.Ed.2d 215 (1998).

*Barnes,* 1996 WL 599637, at \*2. Since the plaintiff in *Barnes* did not assert that he suffered mental or emotional injury, there was no need for the court to further consider whether § 1997e(e) applied to the Fourteenth Amendment and Eighth Amendment claims. But to the extent *Barnes* holds that the procedure for determining § 1997e(e)'s applicability is through an element analysis, that approach was implicitly refuted in *Zehner,* when the Seventh Circuit applied § 1997e(e) to the plaintiff's Eighth Amendment claims. *Zehner,* decided after *Barnes,* does not perform an element analysis and does not intimate that 1997e(e) applies to certain prisoner claims and does not apply to others. Rather, *Zehner* seems to support the view that § 1997e(e) applies to any prisoner case seeking "mental and emotional damages" without also "claiming damages for physical injuries." *Zehner,* 133 F.3d at 461. In light of both *Zehner* and *Davis,* Mr. Cassidy's reliance on *Barnes* is less than persuasive.

The court has found one Circuit Court of Appeals case which seems to lend support to Mr. Cassidy's position, *Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998). The Ninth Circuit declined to apply § 1997e(e) in a First Amendment context. The court held that § 1997e(e) did not apply to the plaintiff's First Amendment claims: "The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought." *Id.* at 1213. The court did not provide any further analysis.

This court determines however, that *Canell*'s approach to § 1997e(e) is not appropriate in this Circuit. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Canell* reads a limitation on the applicability of § 1997e(e) for cases where a plaintiff is entitled "to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." *Canell,* 143 F.3d at 1213. This limitation is not apparent from the language of the statute. More importantly, for courts in the Seventh Circuit, *Canell*'s approach most likely has been foreclosed. In *Robinson v. Page,* 170 F.3d 747, 748–49 (7th Cir.1999), the court made two holdings: (1) § 1997e(e) has no application in cases in which mental or emotional injury is not claimed; and (2) when § 1997e(e) applies, it only functions to bar the prisoner's claims for mental and emotional injury, and does not affect the prisoner's other claims. *See id.* (applying the holdings to Eighth Amendment claims). When the Ninth Circuit was presented with a claim that "entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred," the court determined that § 1997e(e) should not apply in any way. When faced with a similar situation, the Seventh Circuit came to the somewhat contrary conclusion that § 1997e(e) should bar the plaintiff's mental/emotional claims that are unaccompanied by physical injury, while leaving the plaintiff's claims for other relief unaffected.

The court finds that § 1997e(e) applies to Mr. Cassidy's claims under the ADA and the Rehabilitation Act. *See Davis,* 158 F.3d at 1348–49. This finding does not mean that 1997e(e) permits prison officials to violate the ADA and Rehabilitation Act with impunity, so long as they are careful not to inflict physical injury on the prisoner. Section 1997e(e) does not limit claims for injunctive or declaratory relief. *See Zehner v. Trigg,* 133 F.3d 459, 463 (7th Cir.1997) (injunctive relief); *Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 808 (10th Cir.1999) (declaratory and injunctive relief). In this case, Mr. Cassidy simply does not seek either form of relief. Furthermore, as noted

above, § 1997e(e) has no application in cases in which mental or emotional injury is not claimed, and when § 1997e(e) applies, it only bars the prisoner's claims for mental and emotional injury, and does not affect the prisoner's other claims. *See Robinson*, 170 F.3d 747, 748–49.

The Seventh Circuit in *Robinson* summarized the process of applying § 1997e(e):

> As we read the statute, then, if the only form of injury claimed in a prisoner's suit is mental or emotional (for example, if the prisoner claimed that the small size of his cell was driving him crazy), the suit is barred in its entirety. If the suit claims a palpable, current physical injury that is inflicting mental and emotional harm, the suit is unaffected by the statute. If the suit contains separate claims, neither involving physical injury, and in one the prisoner claims damages for mental or emotional suffering and in the other damages for some other type of injury, the first claim is barred by the statute but the second is unaffected.

*Id.* In his Complaint and Report of Specific Forms of Relief Sought, Mr. Cassidy alleges mental and emotional harm, and does not allege any physical injury. Therefore, § 1997e(e) operates as a bar to all of his claims for mental or emotional injury, but it allows him to continue to pursue his other claims. This is the only finding IDOC sought in its Motion, and therefore the court finds that the Motion should be **GRANTED.**

■ However, the court comments that distinguishing precisely between Mr. Cassidy's claims for emotional or mental injury and his claims for other types of injury

appears to be a somewhat difficult task. Clearly paragraph number one on his Report of Specific Forms of Relief Sought is barred—that paragraph expressly seeks recovery for "emotional and mental harm."[3] But paragraphs three, four and five also could encompass claims for mental or emotional injury.[4] For example it appears a claim of "loss of social contact" could only be compensable by Mr. Cassidy in the form of the mental or emotional impact the loss had on him. *See, e.g., Stevens v. McHan*, 3 F.3d 1204, 1207 (8th Cir.1993) (award of damages for unconstitutional confinement in segregation compensated prisoner for "mental and emotional injury"); *West v. McCaughtry*, 971 F.Supp. 1272, 1275–76 (E.D.Wis.1997) (section 1997e(e) barred prisoner's claim for pain and suffering due to being placed in segregation for almost 700 days); *Mattes v. Brown*, No. C 97–0923, 1997 WL 142796, at *1 (N.D.Cal., Mar.21, 1997) (indicating that inmate's claim that transferring him to a new facility deprived him of educational programs is barred by § 1997e(e)). On the other hand, to the extent those paragraphs address the extra offender pay Mr. Cassidy lost as a result of being denied the opportunity to work at WVCF, then that claim would not be barred by § 1997e(e).

■ Paragraph two of the Report of Specific Forms of Relief Sought presents a different problem. In that paragraph, Mr. Cassidy seeks relief for "[t]he loss of the opportunity to enjoy a discharge from prison early at some point or the chance of a pardon or clemency based on his attempts to rehabilitate himself." It is possible to speculate that being denied early release from prison could cause an injury beyond

---

**3.** Paragraph number one seeks recovery for "[t]he emotional and mental harm to Richard Cassidy from the inability to pursue the same activities as the non-disabled at Wabash Valley Correctional Facility, embarrassment, and humiliation."

**4.** Those paragraphs seek recovery for:
3. The loss of participation in and advantages of activities to which the non-disabled

had access while in prison and the loss of the freedom of movement and social contact he would have had as a general population inmate.
4. A diminished quality of life.
5. Loss of rights to access to DOC programs, services and activities guaranteed by federal law.

simply a mental or emotional one. For example, the prisoner would be denied the opportunity to work a job that pays far higher wages than any offender-job within the prison. However, in determining that Mr. Cassidy would be entitled to damages for wages lost as a result of being denied early release, the jury would be forced to engage in a great deal of speculation. The jury would need to speculate that if given equal access to WVCF facilities and opportunities, Mr. Cassidy would: take advantage of those opportunities; actually be granted a pardon, clemency, or early release; and upon release, obtain and perform a job. The speculation seems most strained by the assumption that Mr. Cassidy would be granted a pardon or clemency because he took advantage of educational and other opportunities.[5] While "speculation has its place in estimating damages," an award of damages "cannot be based on pure speculation or guesswork." *BE&K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council*, 156 F.3d 756, 770 (7th Cir.1998).

The court does not decide the issue of precisely which of Mr. Cassidy's claims are for emotional or mental injury (and thus barred) and which are for other types of injury. IDOC's Motion does not request such an analysis and Mr. Cassidy's Report of Specific Forms of Relief Sought is not sufficiently specific to permit the court to accurately perform such a task. However, the court raises the issue now because as trial is rapidly approaching, the issue will need to be decided soon.

█ The final issue that is worth discussion is whether Mr. Cassidy would be entitled to seek nominal damages for any violations of the ADA and Rehabilitation Act he can prove. The first sub-issue is whether nominal damages are available under the ADA and Rehabilitation Act. Title II of the ADA (the title under which Mr. Cassidy asserts his claims) incorpo-

rates the remedies provisions of the Rehabilitation Act. *See* 42 U.S.C. § 12133 (Title II) ("The remedies, procedures, and rights set forth in section 794a of Title 29 [the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."). In turn, the Rehabilitation Act incorporates the remedies provisions of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq. See* 29 U.S.C. § 794a(a)(2). Thus, "[t]hese statutes require that the ADA and the Rehabilitation Act remedies be construed the same as remedies under Title VI." *Ferguson v. City of Phoenix*, 157 F.3d 668, 672 (9th Cir.1998). Most Circuits have recognized that under these statutes "the full spectrum of legal and equitable remedies" are available, at least when the plaintiff proves an intentional violation. *Gorman v. Bartch*, 152 F.3d 907, 908 (8th Cir.1998); *Zimmerman v. State Dept. of Justice*, 170 F.3d 1169 (9th Cir.1999); *cf. Brew–Parrish v. Board of Trustees of Southern Ill. Univ.*, 78 F.3d 320, (7th Cir.1996) (declining to decide the issue, but collecting cases from other Circuits which have allowed "the full range of traditional remedies"). In light of this law, it would appear that nominal damages would be available for intentional violations of the ADA, Rehabilitation Act or Title VI, even if no other damages are available. *See Wooden v. Board of Regents of Univ. Sys.*, 32 F.Supp.2d 1370, 1378 (S.D.Ga. 1999) (recognizing that nominal damages are available for Title VI violation); *Hopwood v. State of Texas*, 999 F.Supp. 872, 908 (W.D.Tex.1998) (awarding nominal damages for Title VI violation); *cf. Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) ("Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury

---

**5.** And as for the damages sought because Mr. Cassidy has been denied the opportunity to earn credit time toward an early release, that

issue appears to present a ripeness problem, as alluded to in IDOC's memorandum in support of its Motion.

through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed. . . .").

■ The second sub-issue is whether § 1997e(e) would bar the possibility of nominal damages in Mr. Cassidy's case. Since nominal damages do not provide compensation for mental or emotional injury, it would appear that nominal damages would still be available. *Cf. Robinson,* 170 F.3d 747, 748–49 (when § 1997e(e) applies, it only bars the prisoner's claims for mental and emotional injury, and does not affect the prisoner's other claims). Only a few courts have considered the issue, but they all have stated either that § 1997e(e) does not bar nominal damages or that nominal damages may be available but leaving the question open. *See Mason v. Schriro,* 45 F.Supp.2d 709, 720–21 (W.D.Mo.1999) (holding that § 1997e(e) does not bar claims for nominal damages); *Wright v. Miller,* 973 F.Supp. 390, 396 (S.D.N.Y.1997) (holding that prisoner could not recover compensatory damages for a constitutional violation and would be limited to nominal damages); *see also Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 808 n. 6 (10th Cir.1999) (noting that a claim for nominal damages may not be barred by § 1997e(e) even in the absence of any showing of physical injury); *Davis,* 158 F.3d at 1348 (declining to decide the issue but stating "[t]he theory of such a lawsuit [for nominal damages] dispenses with any need for injury other than the deprivation of the right itself (as we noted in the case of suits for injunctive or declaratory relief)")[6]; *Dawes v. Walker,* 1998 WL 59454, at *1 (N.D.N.Y.1998) (suggesting that § 1997e(e) may be inapplicable to plaintiff's claims for nominal damages). In light of this case law, the court concludes that nominal damages would be available for Mr. Cassidy's claims.

### III. Conclusion

The court finds that § 1997e(e) of the PLRA applies to Mr. Cassidy's claims, and bars any claim for mental or emotional injury. Therefore, IDOC's Motion for Partial Judgment on the Pleadings as to Claims for Emotional and Mental Harm will be **GRANTED.**

Since Mr. Cassidy appears to have claims that survive this ruling, no final judgment will be entered at this time.

---

6. IDOC argues that § 1997e(e) should be construed to bar a claim for punitive as well as nominal damages. In support of its argument, IDOC cites *Davis,* 158 F.3d at 1348. However, while Davis holds that punitive damages should be barred by § 1997e(e) to the same extent as compensatory damages, the language in *Davis* actually supports the availability of nominal damages.

IDOC argues for the first time in its reply brief that punitive damages should be barred to the same extent as compensatory damages. However, Mr. Cassidy never raised the issue of punitive damages in his Complaint, Report of Specific Forms of Relief Sought, or his response brief. Therefore, the court does not need to decide the issue of the availability of punitive damages in this case.