In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2674

RICHARD CASSIDY,

Plaintiff-Appellant,

v.

INDIANA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 97 C 731--John D. Tinder, Judge.

Argued December 15, 1999--Decided January 4, 2000

Before ESCHBACH, KANNE and EVANS, Circuit Judges.

KANNE, Circuit Judge.  Richard Cassidy, a blind prisoner, brought suit against the Indiana Department of Corrections ("IDOC") under the Americans with Disabilities Act of 1990, 42 U.S.C. sec.sec. 12131-12134 ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. sec. 794, as amended ("Rehabilitation Act"). He alleged that IDOC discriminated against him and refused to accommodate his blindness in violation of these statutes when IDOC intentionally denied him access to programs, services, activities and benefits that it provides to non-disabled individuals in its custody. Consequently, he sought compensation for a variety of injuries arising from the alleged discrimination. Relying on 42 U.S.C. sec. 1997e(e), which is part of the Prison Litigation Reform Act of 1996, 110 Stat 1321 ("PLRA"), and on this court's decision in Robinson v. Page, 170 F.3d 747 (7th Cir. 1999), the district court granted partial judgment on the pleadings and held that Cassidy's claims for damages based on mental and emotional harm were barred. This court granted Cassidy permission to appeal the district court's non-final order barring the claims for damages for mental and emotional injuries after the district court certified the issue for appeal. See 28 U.S.C. sec. 1292(b).

  Cassidy is in the custody of IDOC at the Wabash

Valley Correctional Facility in Indiana. In his complaint, Cassidy alleged that IDOC intentionally discriminated against him in violation of the ADA and the Rehabilitation Act by denying him access to various programs, facilities, services, activities and benefits enjoyed by the non-disabled. Principal among his allegations of disability-based discrimination were that defendants denied him meaningful access to or use of the law library, recreational areas, educational programs, job assignments, vocational training, other programs and training, and financial aid for education. Cassidy alleged that he was otherwise qualified to participate in these programs, facilities, services, activities, and benefits. It is undisputed that the ADA, and by extension, the Rehabilitation Act, apply to state prisoners./1 See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998); Crawford v. Indiana Dept. of Corrections, 115 F.3d 481 (7th Cir. 1997).

IDOC filed a motion for judgment on the pleadings, arguing that Cassidy's cause of action was void because he did not and could not allege a physical injury in violation of sec. 1997e(e) of the PLRA. Section 1997e(e) provides: "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The district court denied the motion, holding that even if sec. 1997e(e) applied to an ADA action, it did not apply to bar Cassidy's entire action as IDOC contended. The district court did, however, request Cassidy to file a report describing specifically the relief sought. As requested, Cassidy filed a report stating that he wanted IDOC to compensate him for: (1) emotional and mental harm, embarrassment, and humiliation resulting from not being able to pursue the same activities as the non-disabled; (2) the loss of the opportunity to enjoy an early discharge from prison or the chance of a pardon or clemency based on efforts to rehabilitate himself; (3) the loss of participation in and advantages of activities to which the non-disabled had access while in prison, and the loss of the freedom of movement and social contact; (4) a diminished quality of life; and (5) the loss of access to programs, services and activities guaranteed by federal law (presumably to the extent that the non-disabled enjoyed these rights). IDOC then filed a motion for partial judgment on the pleadings. This time, the district court granted the motion, holding that sec. 1997e(e) barred Cassidy's claims for recovery for mental and emotional injuries.

This court reviews de novo the grant of a motion for judgment on the pleadings. First Natl. Bank of Chicago v. Standard Bank & Trust, 172 F.3d 472, 475 (7th Cir. 1999).

Cassidy first argues that his suit does not fall within sec. 1997e(e)'s ambit, because he is not bringing an action "for mental or emotional injury . . . without a prior showing of physical injury"; instead, he is bringing an action for violations of his rights under the ADA and the Rehabilitation Act to be free from disability-based discrimination. Cassidy's argument fails under two Seventh Circuit cases. See Rowe v. Shake, 196 F.3d 778, No. 98-4207, 1999 WL 1011930 at *2 (7th Cir. Nov. 8, 1999) (suggesting that a prior showing of physical injury is not required to bring a First Amendment claim, so long as the prisoner does not seek recovery for mental or emotional injuries); Robinson v. Page, 170 F.3d 747, 749 (7th Cir. 1999) (holding that prisoner's claims for mental or emotional injury were not barred by sec. 1997e(e) where it was not yet established if prisoner could establish a physical injury).

Cassidy also contends that Congress intended that sec. 1997e(e) apply only to non-constitutional tort claims in order to impose a uniform standard on federal, state and local prisoners seeking relief against official tortfeasors. In support, he points to the similarity of language between sec. 1997e(e) and a PLRA addition to the Federal Tort Claims Act which reads: "No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. sec. 1346(b)(2). This argument ignores this court's case law applying sec. 1997e(e) to constitutional torts. See Rowe, 196 F.3d 778, No. 98-4207, 1999 WL 1011930 (First Amendment); Robinson, 170 F.3d 747 (Eighth Amendment). Even if the court accepts Cassidy's argument as applied to both constitutional and non-constitutional torts, however, the plain language of sec. 1997e(e) nonetheless unambiguously states that "No Federal civil action" shall be brought for mental or emotional damages without a prior showing of physical injury. In light of this plain language, we will not carve out exceptions for which Congress did not provide. See Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992); LAC Courte Oreilles Band of Lake Superior Chippewa Indians v. IRS, 845 F.2d 139, 144 (7th Cir. 1988).

Cassidy also argues that sec. 1997e(e) should not apply to ADA claims, because the ADA has its own remedial scheme designed to redress discrimination, including a separate attorney's fees provision, 42 U.S.C. sec. 12205. Cassidy points out that sec. 1997e(d) limits the recovery of attorney's fees available to prisoners under 42 U.S.C. sec. 1988, and that any mention of the ADA is conspicuously absent from sec. 1988. As IDOC reminds, though, sec. 1988 applies to other civil rights statutes, including the Civil Rights Act of 1964, indicating that Congress did not intend to exempt such actions from sec. 1997e(e)'s ambit. And again, the plain language of sec. 1997e(e) provides for no exceptions. See also, Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998) (holding that sec. 1997e(e) precludes prisoner's claim for emotional injury under the ADA if there is no prior showing of physical injury).

A plain reading of sec. 1997e(e) tells us that Cassidy's claims for damages for mental and emotional injuries, contained in paragraph one of his "Report of Specific Forms of Relief Sought," must be barred, though Cassidy may nonetheless pursue all of his other claims for damages. Indeed, the Robinson case espouses this viewpoint. See 170 F.3d at 748-49.

The fact that the only cases dealing with sec. 1997e(e) in this circuit involve constitutional torts makes Cassidy's argument that sec. 1997e(e) should apply only in the tort context more interesting, particularly given that, as Cassidy argues, the ADA provides its own remedial scheme in sec. 12205. Again, though, strict adherence to sec. 1997e(e)'s language prevents consideration of whether Congress meant to impinge upon other statutory causes of action.

The decision of the district court is AFFIRMED.

/1 The chief difference between the ADA and the Rehabilitation Act is that claims under the latter require that the entity being sued receive federal funding. See Washington v. Indiana High Sch. Athletic Ass'n, Inc., 181 F.3d 840, 845 n.6 (7th Cir. 1999). Cassidy alleged that IDOC receives such funding.