**Thomas TRIBE, Plaintiff–Appellant,**

v.

**T. SNIPES; et al., Defendants–Appellees.**

**No. 99–2314.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before SILER, CLAY, and GIBSON,[*] Circuit Judges.

Thomas Tribe, a pro se Michigan prisoner, appeals the district court order dismissing his civil rights complaint brought under 42 U .S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Tribe sued Terry Snipes, Acting Assistant Deputy

---

[*] The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Warden of Southern Michigan Correctional Facility ("JMF"); Bruce Curtis, Warden of JMF; Frederick Goff, Deputy Warden of JMF; Dan Bolden, Deputy Director of the Michigan Department of Corrections ("MDOC"); and the MDOC in May 1999. Tribe alleged that the defendants violated his Eighth Amendment rights when they incarcerated him at JMF despite notice that inmates in that prison attacked Tribe in 1993. Tribe filed a motion for partial summary judgment, and the defendants moved to dismiss the complaint for failure to exhaust administrative remedies. In separate reports, the magistrate judge recommended denying Tribe's motion without prejudice as premature and granting the defendants' motion. The magistrate judge found that Tribe failed to allege that he had suffered a physical injury in his claim for mental injury, *see* 42 U.S.C. § 1997e(e), and that he had failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). The district court adopted the magistrate judge's reports and recommendations over Tribe's objections and dismissed the case.

In his timely appeal, Tribe argues that the district court should have granted his motion for partial summary judgment because the defendants retaliated against him for filing this action in the district court by placing him in segregation without a hearing.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

Upon review, we agree with the district court that 42 U.S.C. § 1997e(e) bars Tribe's claim for monetary relief. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see Cassidy v. Indiana Dep't of Corr.,* 199 F.3d 374, 376–77 (7th Cir.2000); *Zehner v. Trigg,* 133 F.3d 459, 461 (7th Cir.1997). In his complaint, Tribe stated that Bolden was notified that Tribe had enemies at JMF and transferred Tribe to a facility in Ionia, Michigan in June 1998. In April 1999, Bolden approved Tribe's transfer back to JMF. Tribe claimed that, once back at JMF, Goff kept Tribe in the general population, Snipes failed to note the identity of Tribe's enemies in Tribe's file, and Curtis failed to transfer him to another facility. Tribe swore in an affidavit that the stress from his fear of another attack could cause him to have a heart attack, and that he had experienced chest pains and a cold, numb left arm. Tribe's fear does not constitute a physical injury for purposes of § 1997e(e). *See Herman v. Holiday,* 238 F.3d 660, 665–66 (5th Cir.2001). Thus, the district court properly dismissed Tribe's claim for monetary damages.

We further conclude that Tribe's objections to the magistrate judge's report and recommendation make it unnecessary to reach the issue of exhaustion of administrative remedies under 42 U.S.C. § 1997e(a). Although the magistrate judge construed Tribe's complaint as requesting not only monetary relief but also injunctive and declaratory relief, in his objections Tribe insisted that he only sought monetary relief. Tribe's claim for monetary relief is barred by his failure to allege a physical injury as required by § 1997e(e), and he waived any other form of relief. In any event, the Supreme Court specifically has rejected Tribe's argument that the unavailability of monetary relief in a prison grievance procedure renders exhaustion of administrative remedies

unnecessary. *Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 1821, 149 L.Ed.2d 958 (2001).

Tribe's argument that the district court should have granted his motion for partial summary judgment is without merit. Tribe filed his motion for partial summary judgment before the defendants were served or had the opportunity to answer. He alleged that prison officials were retaliating against him for filing the suit by placing him in "top lock," in which an inmate is confined to his cell. First, Tribe's motion was premature because the defendants had not had the opportunity to amass any evidence. *See Serv., Hosp., Nursing Home, & Pub. Employees Union, Local No. 47 v. Commercial Prop. Servs., Inc.*, 755 F.2d 499, 507 (6th Cir.1985). Second, the motion was not even related to the allegations in Tribe's complaint. Instead of complaining of the defendants' failure to protect him, he indicated that he had resolved the matter with the other inmates and wanted to be released from protective custody. Finally, Tribe did not seek leave to amend his complaint to add a retaliation claim. *See* Fed.R.Civ.P. 15(a). The district court properly denied Tribe's motion for partial summary judgment.

Construing the complaint in a light most favorable to Tribe and accepting all of his factual allegations as true, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk*, 99 F.3d at 197. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.