NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015[*]
Decided January 23, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1675

| | |
|---|---|
| JOHNNY M. GIBSON,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>JOHN PAQUIN, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 13-C-615<br><br>William C. Griesbach,<br>*Chief Judge.* |

**O R D E R**

Johnny Gibson, a Wisconsin inmate, appeals the dismissal of his civil-rights suit under 42 U.S.C. § 1983 against personnel of the Racine Correctional Institution who "made [him] and other inmates take cold showers" at least four times (but possibly multiple times weekly) over six months. The defendants moved to dismiss the complaint for failure to state a claim and alternatively sought summary judgment based on

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

Gibson's failure to exhaust administrative remedies. The district court granted both motions. Because Gibson does not allege that the showers caused any serious harm, he does not state a claim for relief, so we affirm.

We accept the allegations in Gibson's complaint as true. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Gibson was placed in segregation at Racine on January 5, 2012. Prisoners in segregation receive three showers per week. On January 7 a guard escorted Gibson to the showers. When Gibson turned on the water, it was "cold." He asked guards to warm up the water, and they replied that they couldn't. Gibson details three similar incidents in January. He asserts generally that the cold showers continued until July, when he was transferred to another facility.

Gibson made several attempts to complain about the showers. He submitted his first complaint in May 2012, but it was returned to him with instructions to ask the security director for an interview and resubmit the complaint in fourteen days. Gibson took both steps, but the security director denied him an interview, stating that "the temperature is fine and water pressure is acceptable." The resubmitted complaint was dismissed after an investigation revealed that the water was at a safe, stable temperature of 100 degrees. Gibson later sued in federal district court.

The defendants raised two defenses by motion. First they moved to dismiss Gibson's complaint for failure to state a claim, arguing that Gibson did not allege a physical injury and that cold showers alone, while unpleasant, did not violate the Eighth Amendment. Second, they moved for summary judgment, contending that Gibson failed to exhaust his administrative remedies by not filing an administrative appeal of the resubmitted complaint. They furnished an affidavit from a complaint examiner who asserted that, if Gibson had filed an internal appeal, it would be recorded in the prison's complaint tracking system, but the tracking system has no record of any appeal. Gibson replied by affidavit that he did in fact file an administrative appeal.

The district court granted both motions. First, it ruled that Gibson failed to exhaust his administrative remedies because he did not appeal his resubmitted complaint. The district court alternatively ruled that Gibson failed to state a claim for relief. It reasoned that, because cold showers are part of the "routine discomfort" of prison life, were not coupled with any other harsh conditions, and were not accompanied by any physical injury, the complaint did not state an Eighth Amendment violation.

On appeal Gibson contends that the district court improperly granted summary judgment on the exhaustion defense. He maintains that his "affidavit squarely contradicts the defendants' story concerning the exhaustion of administrative remedies" because his sworn assertions imply that prison officials mishandled or lost his appeal. As a result, Gibson continues, his administrative remedies were unavailable, thereby excusing his failure to exhaust. *See Dole v. Chandler*, 438 F.3d 804, 809–11 (7th Cir. 2006). Thus, Gibson concludes, the court needed to conduct an evidentiary hearing to resolve disputed factual issues about exhaustion. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

We may assume without deciding that the district court should not have granted summary judgment on the disputed exhaustion issue without conducting a *Pavey* hearing; nonetheless, it properly dismissed his complaint for failure to state a claim. Harm from prolonged exposure to severe cold in a prison may state an Eighth Amendment violation. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431–33 (7th Cir. 1996). But in this case Gibson cannot recover compensatory damages for the cold showers because he alleges no physical injury from them. 42 U.S.C. § 1997e(e); *see Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 375–76 (7th Cir. 2000); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997). More fundamentally, recovery of any type of damages is unavailable to Gibson. For even when we apply generous pleading standards for pro se litigants, Gibson has not alleged that the water's temperature threatened to harm him seriously and that the prison staff knew of the harm. *See Farmer v. Brennan*, 511 U.S. 825, 833–43 (1994). In particular, Gibson does not allege that his four episodes of cold showers (or any other episodes that his allegations might imply) were so severe or prolonged that they interfered with normal daytime activities or sleep. *Compare Mays v. Springborn*, 575 F.3d 643, 648–49 (7th Cir. 2009) (ruling that short exposures to painful or numbing winter temperatures did not violate Eighth Amendment), *with Dixon*, 114 F.3d at 642 (ruling that Eighth Amendment claim may arise from months-long exposure to below-40-degree temperatures that literally froze cell walls, disabled inmate from using hands, and made sleep difficult). Without the complaint asserting any serious harm that the prison staff knew about, the district court properly dismissed it for failure to state an Eighth Amendment claim. As a result, Gibson has incurred one strike under the Prison Litigation Reform Act for the dismissal and another strike for this appeal. *See* 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004).

AFFIRMED.