**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN STEPHEN ROUTT,

Plaintiff - Appellant,

v.

DUSTIN HANSFORD, JOSHUA
LANKFORD, ARAMARK
CORPORATION,

Defendants - Appellees.

No. 19-5067
(D.C. No. 4:18-CV-00439-JHP-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Without counsel, Mr. John Stephen Routt filed a civil rights

complaint with three causes of action. The district court concluded that one

cause of action stated a valid claim and the other two causes of action

didn't. Even though one cause of action was admittedly valid, the court

---

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

     This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

ordered Mr. Routt to file a new complaint. He didn't. But rather than dismiss only the invalid causes of action, the court summarily dismissed the entire action. We reverse.

## I.    The district court dismissed the action despite a valid cause of action.

In the complaint, Count I alleged that Dustin Hansford had used excessive force. Count II alleged that Mr. Routt had been placed in disciplinary isolation without due process. Count III alleged that he had been served food unsuitable for human consumption.

The district court concluded that

- Count I had stated a valid claim for excessive force and

- Counts II and III had failed to state a valid claim.

The court added that it would "permit" Mr. Routt to file an amended complaint to cure the deficiencies in Counts II and III. R. at 28. But the court cautioned Mr. Routt that

- any amended complaint would supersede the original complaint,

- Mr. Routt had to "reincorporate[] the Count I allegations in any amended complaint to preserve that claim," and

- if he failed to timely amend or if the amended complaint again failed to state a valid claim, the court would dismiss the action.

*Id*. at 28-29.

2

Mr. Routt did not file an amended complaint, and the district court dismissed the action for failure to prosecute and comply with orders. *Id.* at 31-32. This appeal followed.[1]

## II. The district court erred in dismissing the entire action when one cause of action stated a valid claim.

We review the eventual dismissal under the abuse-of-discretion standard. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). The court abuses its discretion whenever it makes an error of law. *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998). We conclude that the district court made an error of law.

In his pro se brief, Mr. Routt explains that

- he "was worried about filing an amended complaint due to being under the threat by the District Court that all claims would be dismissed if an amended complaint failed to state a cognizable claim" and

- the notice led him to think "that the complaint would proceed on Count I without an amended complaint."

Appellant's Opening Br. at 2, 4. With this explanation, Mr. Routt argues that (1) he should have been able to proceed with Count I and (2) the court should not have threatened to dismiss the entire action for failure to cure the pleading defect. *Id*. at 15. We agree with these arguments.

---

[1] After Mr. Routt filed his pro se appellate brief, newly appointed counsel for Mr. Routt filed a supplemental opening brief. We consider both the pro se brief and the supplemental brief.

In 1996, Congress required federal district courts to screen prisoner suits for failure to state a valid claim. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). But what happens when the court screens a prisoner suit and finds one cause of action valid and others invalid? Dismissing the entire action would serve little purpose.

Consider what happens when one cause of action is untimely and another is timely. In this situation, the Supreme Court unanimously commented that it had "never heard of an entire complaint being thrown out," perhaps because "it is hard to imagine what purpose such a rule would serve." *Jones v. Bock*, 549 U.S. 199, 220 (2007).

The same is true when a court screens a prisoner suit for failure to state a valid claim. If one cause of action is indisputably valid, it is hard to imagine what purpose would be served by dismissing the entire action. So

> [a]s a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad. "[O]nly the bad claims are dismissed; the complaint as a whole is not. If Congress meant to depart from this norm, we would expect some indication of that, and we find none."

*Id.* at 221 (quoting *Robinson v. Page*, 170 F.3d 747, 748-49 (7th Cir. 1999)).

We thus ask whether federal law shows an intent to depart from this norm. We answer "no."

Federal law contains three provisions that require screening of prisoner suits for failure to state a valid claim:

4

1. 28 U.S.C. § 1915A(b)(2), applicable when the prisoner plaintiff sues government officials,

2. 42 U.S.C. § 1997e(c)(1), applicable when the cause of action involves prison conditions, and

3. 28 U.S.C. § 1915(e)(2)(B)(ii), applicable when the prisoner obtains leave to proceed in forma pauperis.

All three circumstances apply here because Mr. Routt is suing government officials, his causes of action involve prison conditions, and he obtained leave to proceed in forma pauperis.

Section 1915A(b)(2) suggests that the district court must consider whether each cause of action states a valid claim. For example, § 1915A(b) instructs the district court to "identify cognizable claims" and to dismiss either the complaint "or any portion" of the complaint. 28 U.S.C. § 1915A(b). By requiring identification of cognizable claims and dismissal of either the complaint "or any portion," § 1915A(b) contemplates dismissal of only the invalid causes of action.

Section 1997e(c) refers to dismissal of both the "action" and "a claim" that fails to state a valid claim. 42 U.S.C. § 1997e(c). The reference to dismissal of "a claim" suggests a claim-by-claim approach. And the Supreme Court has recognized that "statutory references to an 'action' have not typically been read to mean that every claim included in the action must meet the pertinent requirement before the 'action' may

5

proceed." *Jones v. Bock*, 549 U.S. 199, 221 (2007). So § 1997e(c) also contemplates dismissal of only the insufficient claims.

Section 1915(e)(2)(B) states that the court shall dismiss "the case" if the court determines that "the action" is frivolous or fails to state a valid claim. 28 U.S.C. § 1915(e)(2)(B). But again, the Supreme Court has recognized that use of the term "action" doesn't generally mean that every claim must meet the pertinent requirement before the action can proceed. *Jones*, 549 U.S. at 221.

Because federal law does not reflect an intent to deviate from normal procedure, the district court should have "proceed[ed] with the good" claim and dismissed "the bad" claims. *Id.*

The district court first appeared to take this approach, identifying one cause of action (Count I) as valid and two other causes of action (Counts II and III) as invalid. But after identifying Count I as valid, the district court didn't permit Mr. Routt to confine his suit to Count I. The court instead required Mr. Routt to file an amended complaint or face dismissal of the entire action, including Count I.

This requirement left Mr. Routt in a Catch 22. He might have lacked a factual or legal basis to expand on his allegations in Counts II and III. If he lacked a reasonable belief to expand on the allegations, compliance with the district court's order could have required him to violate Federal Rule of Civil Procedure 11.

But let's assume that Mr. Routt reasonably believed that he could cure the defects in Counts II and III. What if the district court remained unpersuaded? The court had promised to dismiss the entire action if Mr. Routt failed to cure the defects in Counts II and III. Amending could threaten Mr. Routt's ability to pursue even Count I.

The order not only thrust a dilemma on Mr. Routt but also exceeded the district court's authority. A district court can require the filing of an amended complaint when the existing causes of action don't state a valid claim. But not when one cause of action is valid. In this situation, the court could *allow* Mr. Routt to amend but couldn't *require* an amendment. Given the inability to require an amendment, the court couldn't couple that requirement with a threat to dismiss the entire action if Mr. Routt failed to comply.

Of course, Mr. Routt did fail to comply with the order when he didn't amend the complaint. But the court shouldn't have required Mr. Routt to amend. Mr. Routt's failure to comply with an invalid order doesn't constitute a failure to prosecute the action or warrant punishment for disobedience to a court order. *See Wynder v. McMahon*, 360 F.3d 73, 77-80 (2d Cir. 2004). The district court thus abused its discretion in ordering dismissal of the entire action.

## III.  Disposition

We reverse dismissal of the action and remand for further proceedings. On remand, we instruct the district court to

- reinstate Count I and

- permit Mr. Routt, if he chooses, to amend the complaint (without threatening dismissal of the entire action).[2]

## IV.  Leave to Proceed in Forma Pauperis

We also grant Mr. Routt's motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]  Given our disposition, we decline to consider Mr. Routt's alternative argument for reversal based on the validity of Counts II and III.