**John Stephen ROWE and Dr. Jeffrey L. Lant, Plaintiffs–Appellants,**

v.

**Michele SHAKE, Greg Hulse, Craig Hanks, et al., Defendants–Appellees.**

#### No. 98–4207.

United States Court of Appeals, Seventh Circuit.

Submitted* July 14, 1999.

Decided Nov. 8, 1999.

Rehearing En Banc Denied Dec. 27, 1999.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

John S. Rowe, Pendleton, IN, pro se.

Jeffery L. Lant, Cambridge, MA, pro se.

Before WOOD, Jr., COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

John Rowe is an Indiana prisoner previously incarcerated at Wabash Valley Correctional Facility ("WVCF"). Dr. Lant is a frequent correspondent of Mr. Rowe and head of the John Stephen Rowe Legal Defense Fund. Mr. Rowe and Dr. Lant filed a complaint under 42 U.S.C. § 1983 against various individuals associated with WVCF, alleging violations of their First Amendment and Mr. Rowe's due process rights resulting from delays in incoming mail sent by Dr. Lant. The district court sua sponte dismissed Dr. Lant's claim for lack of standing and Mr. Rowe's claims for failure to state a cause of action. For the reasons set forth in the following opinion,

we affirm the judgment of the district court.

## I

## FACTS

Mr. Rowe and Dr. Lant alleged the following facts in the complaint. During the fall of 1997, Mr. Rowe kept detailed records of the dates when prison staff delivered mail that Dr. Lant sent him. The exhibit list contains 34 items from the period August 30, 1997 through November 17, 1997. According to the list, the number of days that it took for mail to reach Mr. Rowe varied from as few as 2 days to as many as 26 days. Of the 34 items on the list: 16 items took 7 days or less to reach Mr. Rowe from the date of the postmark; 10 items took 14 days or less; and 8 items took 14 or more days, with the longest span being 26 days. Two items were classified as "priority mail," one of which took 7 days to reach Mr. Rowe from the date of postmark and the other took 20 days.

On April 10, 1998, Mr. Rowe and Dr. Lant sent letters complaining about the delay in mail service to several prison officials at WVCF, but received no reply. On September 16, 1998, they filed a complaint under 42 U.S.C. § 1983 against the following individuals: Michele Shake, Brenda Barnard, Stacey Deckard, and Vaughn Deckard, all mail clerks at WVCF; Greg Hulse, a WVCF administrator who supervises the mail room; and Craig Hanks, Superintendent of WVCF. Mr. Rowe and Dr. Lant alleged that their First and Fourteenth Amendment rights were violated by the defendants' intentional, reckless "obstruction" and "delay" while processing and delivering Dr. Lant's mail to Mr. Rowe. The complaint sought nominal damages and declaratory relief.

The district court issued an order directing Dr. Lant to show cause why his claim should not be dismissed for lack of standing. In his response, Dr. Lant asserted Mr. Rowe's constitutional rights and the district court dismissed Dr. Lant's claim.

The district court screened and dismissed Mr. Rowe's claims under 28 U.S.C. § 1915A because Mr. Rowe did not allege a physical injury and therefore could not bring an action for mental or emotional injury against the defendants. Mr. Rowe and Dr. Lant then filed a timely notice of appeal.

## II

## ANALYSIS

■ First, Mr. Rowe and Dr. Lant argue that the district court should not have dismissed Mr. Rowe's claims sua sponte without service being made upon the defendants because he paid the docketing fee and, therefore, was not subject to screening under 28 U.S.C. § 1915A. Their argument runs counter to the plain language of the statute which provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A. The statutory language clearly authorizes screening regardless of the prisoner litigant's fee status. Therefore, we join the Second, Fifth, Sixth, and Tenth Circuits in holding that § 1915A applies to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.1999); *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir.1998), *cert. denied*, — U.S. —, 119 S.Ct. 2405, — L.Ed.2d — (1999); *Ricks v. Mackey*, No. 97–3181, 1998 WL 133828 (10th Cir.1998) (unpublished decision);[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997). Thus, the district court properly reviewed Mr. Rowe's claims under § 1915A.

■ Next, Mr. Rowe and Dr. Lant challenge the district court's decision to dismiss Mr. Rowe's claims because he did not allege the requirements of § 1997e(e). The section provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although the applicability of § 1997e(e) to a prisoner's First Amendment claim presents an issue of first impression in this circuit, we have previously addressed the scope of the statute. *See Robinson v. Page*, 170 F.3d 747 (7th Cir. 1999). In *Robinson*, we stated, "It would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits." *Id.* at 748. We further observed that § 1997e(e) applies only to claims for mental or emotional injury. *Id.* Claims for other types of injury do not implicate the statute. *Id.* Here, Rowe alleges that prison officials violated his First Amendment rights by interfering with the receipt of his mail. A deprivation of First Amendment rights standing alone is a cognizable injury. *See Owen v. Lash*, 682 F.2d 648, 652 n. 4 (7th Cir.1982) (depriving citizen of right to correspond violates substantive guarantees of First and Fourteenth Amendments); *cf. Brownsburg Area Patrons Affecting Change v. Baldwin*, 137 F.3d 503, 507 (7th Cir.1998) (ruling that plaintiff proved requisite irreparable harm required to secure preliminary injunction because the loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury); *National People's Action v. Village of Wilmette*, 914 F.2d 1008, 1013 (7th Cir.1990) (same). Indeed, Rowe does not allege that he suffered any additional injury as a consequence of his mail being delayed, nor must he. *See Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir.1998). A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physi-

---

1. Although the Tenth Circuit disfavors citation of unpublished opinions, they may be cited when they have persuasive value on a material issue. Tenth Circuit Rule 36.3(B).

cal, mental, or emotional injury he may have sustained. *Id.*

▮ Although the district court dismissed Rowe's claims for the wrong reason, we may affirm the dismissal on other grounds. *See Mendelovitz v. Vosicky,* 40 F.3d 182, 187 (7th Cir.1994). We conclude that the complaint can be dismissed for failure to state a cause of action under the First Amendment. The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. *See Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be "reasonably related to legitimate penological interests." *Thornburgh,* 490 U.S. at 409, 109 S.Ct. 1874 (quoting *Turner,* 482 U.S. at 89, 107 S.Ct. 2254). On the other hand, prison security "is a sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights." *Gaines v. Lane,* 790 F.2d 1299, 1304 (7th Cir.1986). Accordingly, we have upheld regulations authorizing prison officials to inspect incoming or outgoing non-legal mail for contraband against First Amendment challenges. *See id.*

▮ In the present case, Mr. Rowe did not allege that prison regulations governing incoming mail were unconstitutional, but instead alleged that the conduct of the individual defendants interfered with the timely receipt of incoming mail from Dr. Lant. Accepting these allegations as true, Mr. Rowe's allegations resemble those we defined as legally insufficient to state a First Amendment claim in *Sizemore v. Williford,* 829 F.2d 608, 610 (7th Cir.1987). In *Sizemore,* we held that the plaintiff had stated a First Amendment claim based on allegations that prison officials "repeatedly and intentionally withheld otherwise unobjectionable materials from ever reaching him." *Id.* at 610. We also explained that

> [i]n holding as we do, we want to emphasize that merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment.

*Id.* Measured against this standard, Mr. Rowe's factual allegations do not state a First Amendment claim. Accepting his factual allegations as true, the delays in receiving mail from Dr. Lant were relatively short-term and sporadic. Moreover, Mr. Rowe did not allege that the delays resulted from a content-based prison regulation or practice. We also note that, because Mr. Rowe did not allege that Dr. Lant's correspondence to him was legal mail or that it was lost rather than delayed, his case is distinguishable from our other cases in which we held that prisoners had stated a cause of action under the First Amendment. *Cf. Antonelli v. Sheahan,* 81 F.3d 1422, 1431–32 (7th Cir.1996) (prisoner's allegations that legal mail was opened, delayed for an inordinate period of time, and sometimes stolen stated a First Amendment claim); *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304 (7th Cir.1993) (ongoing interference with legal mail sufficient to state a First Amendment claim).[2] Moreover we note that Mr. Rowe's due process arguments based on

---

**2.** We also note that Mr. Rowe's claims against Superintendent Hanks fail because there are no allegations that Superintendent Hanks was personally involved in the constitutional wrongdoing. Because Mr. Rowe's claims allege clearly localized, non-systemic violations, it is not reasonable to infer that Superintendent Hanks was personally involved. *See Antonelli,* 81 F.3d at 1428–29.

the mandatory language of Indiana statutes and prison regulations · are foreclosed by the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 481–82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

We now turn our attention to Mr. Rowe and Dr. Lant's arguments concerning the district court's dismissal of Dr. Lant's First Amendment claim. They contend that Dr. Lant asserted his own First Amendment rights, giving him standing to sue. They further argue that the district court should not have dismissed Dr. Lant's claims without service being made upon the defendants because Dr. Lant is not a prisoner. As to their standing argument, non-prisoners do indeed have a First Amendment right to correspond with prisoners. *See Thornburgh*, 490 U.S. at 407, 109 S.Ct. 1874; *Procunier v. Martinez*, 416 U.S. 396, 408–09, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459; *Montcalm Publ'g Co. v. Beck*, 80 F.3d 105, 108 (4th Cir.1996). The government's unjustifiable interference with correspondence violates the First Amendment rights of both the recipient and the sender. *Procunier*, 416 U.S. at 408–09, 94 S.Ct. 1800. Thus, the district court erred in ruling that Dr. Lant lacked standing because he did not assert his own First Amendment rights. With respect to their other argument regarding the failure to serve the defendants, district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Because Dr. Lant, like Mr. Rowe, failed to state a First Amendment claim, dismissal prior to service on the defendants was proper. *Id.*; *Sizemore*, 829 F.2d at 610.

Accordingly, the district court's judgment is affirmed.

AFFIRMED