**John MANLEY, Plaintiff,**

v.

**Rita ATAVIADO, et al., Defendants.**

**No. CIV.02–133–B–S.**

United States District Court,
D. Maine.

Sept. 24, 2002.

John Manley, Wallagrass, ME, pro se.

*ORDER ACCEPTING THE RECOM-
MENDED DECISION OF THE
MAGISTRATE JUDGE*

SINGAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed September 4, 2002 the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that Plaintiffs application to proceed without prepayment of the filing fee is *DENIED* and the complaint is *DISMISSED* for failure to prosecute.

**ORDER RECOMMENDING DENIAL
OF MOTION TO PROCEED WITH-
OUT PREPAYMENT OF FEES**

KRAVCHUK, United States Magistrate Judge.

John Manley has filed a *pro se* handwritten complaint alleging that he is disabled

and that Rita Ataviado of the Northern Maine Medical Center and Estela Land of the Department of Human Services have subjected him to vicious slander, entrapment, and white slavery. (Docket No. 1.) Manley has also filed a motion to proceed in forma pauperis. (Docket No. 2.)

With respect to Manley's complaint it does not come near complying with the Federal Rules of Civil Procedure. It is not signed. *See* Fed.R.Civ.P. 11(a). Furthermore, the conclusory allegations set forth in their entirety above do not set forth the basis for this Court's jurisdiction or qualify as a "short and plain statement of his claim." *See* Fed.R.Civ.P. 8(a); *see also Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990) (court need not credit "bald assertions" or "unsubstantiated conclusions.") The pleading also fails to comply with the form requirements of Federal Rule of Civil Procedure 10. In its current form it is susceptible to dismissal as a non-prisoner *in forma pauperis* complaint applying the most lenient of pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir.1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

However, I recommend that the court not reach the dismissal question at this juncture as Manley is not entitled to proceed without prepayment of the $150 filing fee. His application indicates that he receives social security disability in the amount of $792; that he has $495 in savings; and that he owns land. Therefore, I recommend that the Court **DENY** Manley's application to proceed without prepayment of the filing fee.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. '636(b)(1)(B) (1988) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.