Robert C. BEESE, Plaintiff–Appellant,

v.

Steve LIEBE, et al., Defendants– Appellees.

No. 02–1401.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Nov. 22, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument in unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Robert Beese sued three county jail employees under 42 U.S.C. § 1983 for opening his legal mail, not allowing him to seal outgoing personal mail, confining him during the daytime hours to a general room with inadequate seating, and not disbursing funds from his jail account. The district court granted summary judgment for the defendants, and we affirm.

Beese was a pretrial detainee in the Waupaca County Jail for one month in 1998 and seven months in 1999. He claims that during a span of approximately two months, Sandy Bremmer, the jail's former booking officer and one of the defendants, opened four pieces of legal mail addressed to him outside of his presence. Beese produced four envelopes with return addresses from a public defender and a district attorney, three of which were marked "opened in error." In her affidavit, Bremmer states that she "accidentally opened three examples of legal mail ... [but] on each occasion, I immediately realized that I had accidentally opened the envelope and did not remove the contents." Beese claims that he filed written complaints after receiving each piece of mail with Christ Brogaard, a lieutenant in the sheriff's office and another defendant, but received no response.

Beese also asserts that he was not allowed to seal personal mail before sending it. He claims that on several occasions, friends and family received unsealed letters from him, with only a piece of tape or a tucked flap holding the envelopes shut. Steven Liebe, the county sheriff and another defendant, noted in his affidavit that the jail has a policy of requiring prisoners to leave personal mail unsealed so that jail employees can inspect envelopes for security risks.

Beese also complains that from 6 a.m. to 2 p.m. and from 4 p.m. to 10 p.m. each day,

he and other prisoners were confined to a "day room" in the jail and were not allowed to return to their cells unless they were ill. Because there was only one table in the room, some prisoners had to sit or lie on a cold cement floor. Jail employees permitted prisoners to bring blankets into the day room, but did not allow prisoners to bring in mattresses. Sheriff Liebe stated that prisoners are confined to the day room for jail security–due to the jail's layout, staff "cannot adequately view" prisoners in their cells, but can monitor them in the day room.

Finally, Beese claims that Brogaard denied his request to release funds from Beese's jail account to his sister-in-law. He claims that, as a result, she had to sell family property, including some of Beese's furniture, to cover moving expenses. In his affidavit, Beese states that he made this request to Brogaard in writing, but does not offer the date or amount of this request nor whether he had sufficient funds in his account to cover it. His sister-in-law's affidavit states that her husband, who had been arrested with Beese, had tried unsuccessfully to release $125 to her, but makes no mention of Beese requesting that any funds be sent to her. In their affidavits, the defendants state that they have no record or recollection of Beese making a written request for this disbursement, as jail policy requires, and that in any case, disbursements are not allowed except in certain circumstances, so that prisoners are not left indigent and can post bond and pay for medical treatment and other expenses.

The district court granted summary judgment for the defendants, finding that Beese had produced evidence establishing only a negligence claim for the opening of his legal mail, that the jail's policy of not allowing prisoners to seal outgoing personal mail did not infringe on Beese's consti-

tutional rights, that the jail had "a legitimate, penological interest" in confining prisoners in the day room, that Beese was not deprived of any property in his jail account, and that the jail had valid justifications for limiting disbursements from prisoners' accounts. Beese timely appealed.

We turn first to Beese's claim that the opening of his legal mail violated his First Amendment rights. We review grants of summary judgment *de novo. Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir.2000). Prison officials may inspect (but not read) a prisoner's legal mail, but only in the presence of the prisoner. *Wolff v. McDonnell,* 418 U.S. 539, 577, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Here, Bremmer opened three or four pieces of Beese's legal mail outside of his presence. Negligence, however, does not rise to the level of a constitutional violation actionable under § 1983. *Kincaid v. Vail,* 969 F.2d 594, 602 (7th Cir. 1992). Beese did not present any evidence countering Bremmer's claim that she opened his legal mail by accident, and Beese's speculation as to Bremmer's intent in opening the letters is not enough to withstand summary judgment, *see Packman v. Chicago Tribune Co.,* 267 F.3d 628, 637 (7th Cir.2001). Although *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 306 (7th Cir.1993) and *Antonelli v. Sheahan,* 81 F.3d 1422, 1432 (7th Cir.1996) held that claims that jail employees repeatedly opened prisoners' legal mail were not legally frivolous, this does not mean that such claims would necessarily survive summary judgment, *see id.* (acknowledging that "[a]t this early stage in the litigation, we cannot determine, of course, whether the defendants may be able to justify the delays and openings of outgoing mail"). Because Beese did not present any evidence tending to show that more than

negligence resulted in the opening of his legal mail, the district court correctly granted summary judgment for the defendants on this claim.

■ Beese argues that not allowing him to seal his outgoing personal mail also violated his First Amendment rights. Prisoners have a protected First Amendment interest in both sending and receiving mail. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir.1999). We have repeatedly held, however, that searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans, and the like. *See id.* ("prison security is 'a sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights' "); *Gaines v. Lane,* 790 F.2d 1299, 1304 (7th Cir.1986) ("provisions of this type do not impermissibly intrude on first amendment rights"); *Smith v. Shimp,* 562 F.2d 423, 425 (7th Cir.1977). Sheriff Liebe attested in his affidavit that the Waupaca County Jail had just such a policy of inspecting outgoing and incoming mail for security risks. Therefore, the district court was also correct in granting summary judgment on this claim.

■ Beese challenges next his confinement in the jail's day room and focuses on his discomfort in lying on the floor and his inability to return to his cell during the day. The Due Process Clause of the Fourteenth Amendment regulates a pretrial detainee's treatment while in state custody, and this protection is at least as great as the protection that the Eighth Amendment affords a convicted prisoner. *Payne for Hicks v. Churchich,* 161 F.3d 1030, 1040 (7th Cir.1998). To succeed on a claim that the conditions of confinement violated the Eighth Amendment, a prisoner must establish that the deprivation was objectively "sufficiently serious" and that the jail officials acted with subjective "deliberate indifference." *Snipes v. DeTella,*

95 F.3d 586, 590 (7th Cir.1996). Beese cannot even meet one prong of this test, however, because discomfort is not a "sufficiently serious" deprivation. *See Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir.2001) ("the Constitution does not require that prisons be comfortable"); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel."); *Caldwell v. Miller,* 790 F.2d 589, 601 (7th Cir.1986) (holding that restricting prisoners to their cells for all but one hour per day did not violate the Eighth Amendment). Therefore, Beese's claim regarding jail conditions fails.

■ Finally, we address Beese's claim that denying his request to release funds from his jail account violated his due process rights. Beese does not argue that he was actually deprived of the funds in his account; rather, he argues that he was not allowed to use the money in the way he wanted, namely sending it to his sister-in-law. Even assuming that Beese had a constitutionally protected interest in the *use* of the funds in his jail account, his due process rights were not violated. Prison regulations do not violate due process if they are "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Here, the defendants attested that the jail limited the release of funds from prisoners' accounts to insure that they did not become indigent and could post bond and pay for medical treatment and other expenses. Given this rationale, the policy is "reasonably related to legitimate penological interests" and summary judgment for the defendants was appropriate.

AFFIRMED.