**Lavertis STEWART, Plaintiff–Appellant,**

v.

**Captain LYLES, et al. Defendants–Appellees.**

No. 02–1533.

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2003.*

Decided March 26, 2003.

---

* The defendants filed a motion for an order of non-involvement, which we granted. We thus consider only the appellant's brief. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Illinois inmate LaVertis Stewart brought this suit under 42 U.S.C. § 1983 alleging as relevant here that Stateville Correctional Center guards Captain Lyles and Lieutenant Wright violated his rights by conducting a strip search in a public place and escalating the invasiveness of the search when he complained. During the initial screening of Stewart's com-

plaint, the district court dismissed it under 28 U.S.C. § 1915A and recorded a strike against him pursuant to 28 U.S.C. § 1915(g). Stewart appeals, and we vacate the dismissal as to Lyles and Wright and remand for further proceedings.

Stewart alleges that on two consecutive days in October 1999, Lyles and Wright, accompanied by prison security officers, entered the Stateville "tailorshop" where he worked and ordered the inmates there to strip off their outer clothing and undershorts in front of the approximately 130 inmates working in the shop and several female supervisors. On the first day, Stewart informed Lyles and Wright that the search procedure violated Illinois Department of Corrections rules requiring strip searches to be conducted in private absent an emergency. In response, Lyles and Wright singled out Stewart for a more invasive search, telling him, "Okay, since you got something to say, you strip down all the way, spread your cheeks, or go to Segregation." Stewart complied.

The next day when Lyles and Wright returned to conduct a second search, Stewart was armed with a copy of the applicable prison rule. Undeterred, Lyles and Wright informed him that they didn't "care about that paper" and again subjected him to an anal cavity inspection. Shortly thereafter, a female supervisor who had obtained a copy of the strip-search rule from another inmate spoke to Lyles and Wright inside the tailorshop offices. When the three emerged, Lyles and Wright aborted the strip searches and informed officers to instead conduct pat-down searches.

Stewart's complaint alleges that the two anal cavity inspections conducted by Lyles and Wright caused him "much stress, continuous humiliation, embarrassment, and fear of other inmates and of further retaliation." It also alleges that various other defendants violated his rights by failing to address grievances he filed in response to the searches. Stewart requests a declaration that the conduct described in his complaint violated his constitutional rights, and he seeks compensatory, punitive, and "pecuniary" damages and "such other relief ... as it may appear that plaintiff is entitled."

■ In screening and dismissing Stewart's complaint, the district court concluded that his allegations about the anal cavity inspections did not state a claim for a violation of either the Fourth or Eighth Amendment, and that Stewart had not alleged any physical injury as the court believed was required under 42 U.S.C. § 1997e(e). The court did not address Stewart's retaliation claim. On appeal Stewart pursues only his Eighth and First Amendment claims against Lyles and Wright, and has thus abandoned his claims against the other defendants. *See Duncan v. Wis. Dep't of Health & Family Servs.*, 166 F.3d 930, 934 (7th Cir.1999). Stewart argues that his complaint states an Eighth Amendment claim against Lyles and Wright for conducting deliberately harassing searches and a First Amendment claim for retaliating when he protested. We review dismissals under § 1915A de novo. *Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir.2001) (per curiam).

■ A strip search in front of members of the opposite sex, or even performed by members of the opposite sex, does not necessarily violate the Eighth Amendment. *Johnson v. Phelan*, 69 F.3d 144, 146–51 (7th Cir.1995). But when conducted as part of a course of "calculated harassment unrelated to prison needs," *Hudson v. Palmer*, 468 U.S. 517, 530, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), a search may violate the Eighth Amendment, *see Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir.2003); *Meriwether v. Faulkner*, 821

F.2d 408, 418 (7th Cir.1987). And as we recently reiterated in a case involving similar allegations against Stateville guards, such a search may offend the Eighth Amendment's prohibition against the wanton infliction of psychological pain even if it does not cause physical injury. *Calhoun*, 319 F.3d at 939. Thus, Stewart may state a claim for an Eighth Amendment violation with allegations that Lyles and Wright conducted the body cavity inspections to harass him and inflict psychological pain. *See Hudson v. McMillian*, 503 U.S. 1, 16, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (Blackmun, J., concurring); *Calhoun*, 319 F.3d at 939–40; *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir.1998); *Johnson*, 69 F.3d at 147.

The district court concluded that Stewart could not make such a showing because the body cavity searches were performed for a legitimate penological purpose. Specifically, the court reasoned that the general strip searches of all the inmates in the tailorshop were appropriate given the inmates' access to equipment and supplies that would be contraband outside of the tailorshop. On the subject of the body cavity searches directed solely at Stewart, the court interpreted his protestations against the search procedure as refusals to obey legitimate orders. Thus, the court concluded that Lyles and Wright were entitled to order the body cavity inspections to effect Stewart's compliance.

■ But when screening the complaint under § 1915A, the district court should have construed Stewart's allegations in the light most favorable to him and dismissed his complaint only if no set of facts consistent with it could sustain his claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir.2000). Instead, the court here "interpret[ed]" the allegations in his complaint in a way that *disfavored* him to conclude that he disobeyed orders.

As Stewart points out on appeal, his complaint never acknowledges that he refused to comply with the directive to disrobe along with the other inmates; he instead alleges only that he protested the manner in which the search was being executed. At that point, according to Stewart, Lyles and Wright singled him out, not based on any security concern or to effect his compliance, but solely as a reprisal for his comment that the search was improper. Thus, the complaint alleges that both body cavity searches were not motivated by security or compliance concerns, but instead grew out of a malicious desire to harass him—i.e., were "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (internal quotations and citations omitted). As such, Stewart's complaint sufficiently states a claim under the Eighth Amendment. *See Calhoun*, 319 F.3d at 940; *Johnson*, 69 F.3d at 147; *Meriwether*, 821 F.2d at 418.

■ But this does not end our inquiry, because under 42 U.S.C. § 1997e(e) a prisoner may not sue for mental or emotional injury without a showing of physical injury, and Stewart alleges none. But the district court dismissed Stewart's complaint before we issued *Calhoun*, which holds that § 1997e(e) does not foreclose an action for nominal or punitive damages for an Eighth Amendment violation involving no physical injury. 319 F.3d at 940–42. Thus, Stewart's claim may proceed, but his relief is limited to nominal and punitive damages for the alleged Eighth Amendment violation itself. *Id.*

■ That leaves Stewart's retaliation claim. To state a claim for retaliation, Stewart needed only to allege that he engaged in conduct protected by the First Amendment, and that the defendants retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005,

1008–09 (7th Cir.2002). As our discussion above makes clear, Stewart alleges that Lyles and Wright singled him out for the body cavity searches because he protested the allegedly improper strip searches. At this stage of the proceedings, we assume that Stewart had a First Amendment right to call the proper procedure to the guard's attention, *see Turner v. Safley*, 482 U.S. 78, 84, 88, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (prisoners retain First Amendment rights consistent with incarceration); *cf. Walker*, 288 F.3d at 1009 (assuming on motion to dismiss that conduct prompting retaliation had First Amendment protection); thus, his retaliation claim may also proceed. We also note that 42 U.S.C. § 1997e(e) does not preclude a suit premised on a First Amendment violation. *See Rowe v. Shake*, 196 F.3d 778, 781–82 (7th Cir.1999).

Accordingly, we VACATE the dismissal of Stewart's complaint against Lyles and Wright insofar as it alleges Eighth and First Amendment violations, and REMAND for further proceedings on those claims. In light of this decision, the district court erred when it recorded a strike against Stewart under 28 U.S.C. § 1915(g).