**Theodore H. BELL, II, Plaintiff– Appellant,**

v.

**Correctional Officer WARD, et al., Defendants–Appellees.**

**No. 03–2033.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 6, 2004.

Theodore H. Bell, II, Galesburg, IL, Pro se.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Illinois inmate Theodore Bell slipped on a wet floor in the common area of his cell block and struck his chin on a steel stool, resulting in a gash that required four stitches. He sued several jail officials under 42 U.S.C. § 1983, alleging that their failure to clean up the water violated his rights under the Eighth and Fourteenth Amendments. The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it for failing to state a claim. Bell appeals, and we affirm.

In his complaint, the allegations of which we accept as true, *Knauer v. Jonathon Roberts Fin. Group, Inc.*, 348 F.3d 230, 231 (7th Cir.2003), Bell alleges that he slipped in a puddle that had accumulated after inmates burned used milk cartons and doused the fires with water. Although burning milk cartons is prohibited by jail rules, Bell alleges that these rules are "rarely enforced by staff." Bell claims that jail officials knew of the wet floor and "deliberately" refused to remedy the situation by enforcing the prohibition on burning milk cartons, by ensuring that the floor was dry, or at the very least by posting warnings about the hazards of water on the floor.

In dismissing Bell's claim, the district court stated that water puddles on the floor did not present "a sufficiently substantial risk of serious injury to give rise to liability for an accidental fall." Ignoring the hazard of a wet floor is negligence, the court observed, but it does not amount to the "criminal recklessness" required for an Eighth Amendment violation.

On appeal, Bell argues principally that the district court erred in dismissing his complaint because he did in fact state a

* Appellee Ward was never served with process in the district court and is not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

claim for deliberate indifference. He asserts, for instance, that it is "reasonable to infer that [the] sheriff was aware of excessive water on floors" and that the "negligence" of each defendant caused him a "personal injury warranting relief."

To prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of "a substantial risk of serious injury" but nevertheless failed to take appropriate steps to protect him. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir.2002). Negligence or even gross negligence on the part of officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Although a plaintiff need not plead the facts of his case in his complaint, if he does provide facts which show that officials were not deliberately indifferent, his complaint may be dismissed. *See Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 928 (7th Cir.2003).

The condition that Bell attributes to the prison officials' oversight–the accumulation of water on the floor–did not present a substantial risk of serious injury. Although wet floors do present a possibility that inmates might slip, Bell's allegations do not suggest a *substantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996) ("an inch or two" of accumulated water in the shower not "an excessive risk to inmate health or safety"). In fact, Bell acknowledges that he and "other inmates of the wet area" had

previously crossed the wet floor without slipping. At most, Bell has shown that jail officials were negligent, but negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.

Bell also appears to argue that the district court denied him due process by dismissing his case before he had the opportunity conduct discovery in support of his claim. However, district courts are not only permitted but *required* to dismiss prisoner complaints that fail to state a claim "as soon as practicable." 28 U.S.C. § 1915A; *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir.1999). The timing of the district court's dismissal was not inappropriate.

We agree with the district court that Bell's complaint did not state a claim and therefore merited a strike under 28 U.S.C. § 1915(g). This appeal, based on the same facts, constitutes Bell's second strike. If he has another suit or appeal dismissed as frivolous, as malicious, or for failure to state a claim, he will be barred from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED.