NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 23, 2007[*]
Decided May 23, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3622

| | |
|---|---|
| GEORGE JENKINS, JR., <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> EDWARD W. HUNTLEY and <br> ROGER E. WALKER, JR., <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 06 C 3657 <br><br> Virginia M. Kendall, <br> *Judge.* |

### O R D E R

George Jenkins brought suit under 42 U.S.C. § 1983 claiming that the Director and the Chief Legal Counsel of the Illinois Department of Corrections violated his First Amendment rights by allowing prison employees to open, outside

---

[*] The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal.  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

his presence, correspondence that he characterizes as "legal mail." The district court dismissed the complaint prior to service, and Jenkins appeals. We affirm.

The following account is taken from the amended complaint and its attachments. *See Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004). While he was incarcerated, Jenkins brought a § 1983 claim against prison officials that was settled for $500. In the months after the settlement was reached, Jenkins wrote a series of letters to the Cook County State's Attorney's Office inquiring when he would receive his check. Jenkins intentionally misrepresented this outgoing correspondence as legal mail because he had a negative balance in his inmate trust account and could get free postage for legal mail. The responding letters from the State's Attorney's Office were not marked "privileged," and therefore prison officials opened them outside Jenkins's presence to search for contraband. Prison officials also opened a letter to Jenkins from the Attorney Registration and Disciplinary Commission, which declined Jenkins's request for an investigation of an Assistant State's Attorney for failing to issue his settlement check promptly. Jenkins says he was harmed when this incoming "legal mail" was opened because prison officials "prematurely" learned about the settlement check and, when it was received, applied the money toward his negative account balance rather than allowing him to take it with him upon his release from prison.

Jenkins was out of prison when he filed his complaint, but the district court still reviewed it prior to service because Jenkins sought leave to proceed *in forma pauperis*. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). The district court concluded that the incoming correspondence was not privileged under valid IDOC regulations and thus could be inspected outside Jenkins's presence. In any event, the court reasoned that Jenkins had no standing to seek prospective relief because he was no longer incarcerated, and he could not recover damages because the defendants enjoyed qualified immunity. Accordingly, the court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B).

On appeal Jenkins argues that the district court erred by failing to adopt the reasoning of a Sixth Circuit case, *Muhammad v. Pitcher*, 35 F.3d 1081, 1084-86 (6th Cir. 1994), which held unconstitutional a Michigan Department of Corrections policy that treated incoming correspondence from the State Attorney General's Office as ordinary mail rather than legal mail. Jenkins urges us to reverse the district court's judgment because, in his view, the IDOC policy "effectively chills access to the courts or a governmental entity."

Although prisoners have a First Amendment right to send and receive mail, it is well established that prison officials may inspect mail for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974); *Rowe*, 196 F.3d at 782. Legal mail is afforded greater protection because of the potential for interfering with a prisoner's

access to the courts, and thus prison officials risk violating an inmate's constitutional rights if they open, without him being present, an incoming letter "that is marked with an attorney's name and a warning that the letter is legal mail." *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). Regulations applicable to all IDOC facilities extend protection, not just to "legal mail," but to 11 different categories of "incoming privileged mail," of which legal mail is just one. Ill. Admin. Code tit. 20, § 525.110(f). But for incoming mail to be treated as privileged, it must be clearly marked as "privileged," *id.* § 525.140(a), and it still may be opened in the recipient's presence to inspect for contraband, verify the identify of the sender, and determine that it contains only legal or official materials, *id.* § 525.140(b). And we have held that there is no constitutional impediment created by prison regulations requiring that mail from attorneys be identified as privileged in order to receive special treatment. *Martin v. Brewer*, 830 F.2d 76, 77-78 (7th Cir. 1987).

The district court apparently concluded that mail from a State's Attorney's Office needs no special protection, but we don't have to decide that question in order to conclude that Jenkins's complaint fails to state a claim. Mail from a State's Attorney's Office, although not defined in the IDOC regulations as "legal mail," Ill. Admin. Code tit. 20, § 525.110(h)(1), is among the classes of "privileged" mail entitled to exactly the same protection as legal mail, *id.* § 525.110(f)(3). Like any privileged mail, however, the sender must identify it as such, yet none of the envelopes from the State's Attorney's Office were labeled as "privileged." Prison employees were thus free to open and inspect them outside Jenkins's presence. *See id.* § 525.140(a), (d). As for the correspondence from the Attorney Registration and Disciplinary Commission, the regulations neither define such mail as legal or privileged. *See id.* § 525.110(f), (h). The mere fact that a letter comes from a legal organization does not require prison officials to treat it as privileged, particularly when the inmate is neither represented nor seeking to be represented by one of the organization's attorneys. *See Kaufman,* 419 F.3d at 686. And, indeed, the ARDC letter contained no privileged information; it simply declined Jenkins's request that it investigate an Assistant State's Attorney over an alleged delay in issuing his settlement check.

There may be some disagreement among the circuits concerning the scope of the definition of legal mail, *see Sallier v. Brooks*, 343 F.3d 868, 876-77 (6th Cir. 2003), but there is no dispute concerning the constitutionality of regulations requiring that prison mail from attorneys be labeled in order to receive special treatment, *see e.g., Wolff*, 418 U.S. at 576-77; *Boswell v. Mayer,* 169 F.3d 384, 388-89 (6th Cir. 1999); *Henthorn v. Swinson*, 955 F.2d 351, 352-54 (5th Cir. 1992); *Martin*, 830 F.2d at 77-78; *Harrod v. Halford*, 773 F.2d 234, 235-36 (8th Cir. 1985). Jenkins's reliance on the Sixth Circuit's decision in *Muhammad* is misplaced because, unlike the Michigan DOC regulations at issue in that case, the IDOC

regulations provide heightened protection to properly labeled privileged mail. *See Muhammad*, 35 F.3d at 1082. Jenkins could not avail himself of that protection, either because he neglected to ask the State's Attorney's Office to label its correspondence as privileged, or because the sender did not think the correspondence was privileged. By annexing copies of the unlabeled envelopes to his amended complaint, Jenkins has pleaded himself out of court.

AFFIRMED.