NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 14, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-4055

| | |
|---|---|
| JEAN S. DIXON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Western Division. |
| *v.* | |
| | No. 07 C 50064 |
| CITY OF ROCKFORD, et al., | |
| *Defendants-Appellees.* | Frederick J. Kapala, |
| | *Judge.* |

**O R D E R**

Illinois resident Jean Dixon sued the City of Rockford, the County of Winnebago, and Joe Behr & Sons, Inc., claiming that they violated her civil rights when they tried to take her property, caused air and water pollution, permitted the police to break into her house "to save my life," and harassed her by "bull-doz[ing]" her garden and poisoning her plants.

---

[*] The appellees are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

The district court screened her complaint. *See* 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). The court allowed the illegal-entry claim to go forward against the city and the county, but dismissed the rest of the complaint for failure to state a claim and dismissed Joe Behr & Sons from the case. The court subsequently dismissed the illegal-entry claim, though it granted Dixon 45 days to amend her complaint. Dixon later filed a "Motion Response to Statement," which the court rejected as an amended complaint, and so it dismissed the case with prejudice. Dixon's motion to reconsider was also denied.

The city and county filed a motion to dismiss Dixon's appeal, arguing that her brief does not comply with Federal Rule of Appellate Procedure 28(a) and Circuit Rule 28(a). We must agree. Although we construe pro se filings liberally, those appearing pro se are not absolved from following procedural rules, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), including Federal Rule of Appellate Procedure 28, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), which requires, among other things, that the appellant set forth in her brief her "contentions and the reasons for them, with citations to the authorities and parts of the record" she relies on, FED. R. APP. P. 28(a)(9)(A). As we have explained, "a brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson*, 241 F.3d at 545.

Dixon's brief merely rehashes the allegations she made in her pleadings to the district court. She does not challenge the district court's reasons for dismissing her claims, cites to no legal authority, and makes no reference to the record. Dixon has not told us what error she perceives in the district court's decision, and none is obvious to us. Because "we cannot fill the void by crafting arguments and performing the necessary legal research," *Anderson*, 241 F.3d at 545, Dixon's appeal is DISMISSED.