NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2013[*]
Decided October 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2566

| | |
|---|---|
| ALEXANDER PIETER JAMES de VRYER, *Plaintiff–Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 4082 |
| MARYVILLE ACADEMY, *et al.*, *Defendants–Appellees*. | Matthew F. Kennelly, *Judge.* |

**O R D E R**

Alexander de Vryer was briefly committed in June 2011 at a psychiatric hospital operated by Maryville Academy, a Roman Catholic institution for troubled children and young adults. He was held involuntarily for eight days, and during that time he left the facility but soon was returned by police. De Vryer has sued Maryville and three

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

employees claiming under 42 U.S.C. § 1983 and state law that his forcible detention violated the Constitution and amounted to false imprisonment. Two of the defendants, he says, caused his commitment by falsely characterizing him as psychotic and paranoid.

The district court screened the complaint, *see Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and concluded that it fails to state a § 1983 claim. The court reasoned that state action is an element of any claim under § 1983, *see Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009); *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), and thus the defendants could not be liable on de Vryer's federal claim because none is a state actor. The court declined to exercise supplemental jurisdiction over his claim for false imprisonment.

De Vryer was an adult when he was committed at Maryville. Adults in Illinois may be admitted involuntarily to a mental-health facility on the petition of anyone 18 or older if there is immediate need to protect the patient or others from physical harm. 405 ILCS 5/3-600, -601(a) (2010). The petition may be presented to the facility, and if a physician, psychiatrist, or other qualified examiner certifies that immediate hospitalization is necessary, the patient may be detained. *Id.* §§ 5/3-601, -602. Promptly after the patient's admission, the facility must file the petition and certification in a circuit court, which then has five business days to conduct a hearing to determine if the patient should remain committed. *Id.* §§ 5/3-611, -808. Private facilities and their employees do not engage in state action by virtue of their participation in this process. *See Spencer v. Lee*, 864 F.2d 1376, 1377 (7th Cir. 1989) (en banc); *Wittner v. Banner Health*, 720 F.3d 770, 779 (10th Cir. 2013); *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5–9 (1st Cir. 2005). Nor do private actors engage in state action when police assist in a lawful commitment. *Spencer*, 864 F.2d at 1382. Had Maryville been providing psychiatric care to de Vryer under a contract with the State of Illinois, perhaps he would have been able to state a § 1983 claim. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) (explaining that contractual relation with state is principal way that private entities, including healthcare providers, might be subject to liability under § 1983); *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (explaining that state action may be found if private actor and state have sufficiently close relation, such as through contract). But that is not what de Vryer alleges.

The district court explained the absence of state action to de Vryer, but instead of articulating why he disagrees with the court's decision, de Vryer ignores it and threatens to continue filing lawsuits until he is awarded $2.5 million. Every litigant,

even those who are pro se, must comply with Federal Rule of Appellate Procedure 28(a)(9), which requires an appellant's brief to include his "contentions and the reasons for them." De Vryer's brief is not responsive to the district court's decision, and we will not fashion and develop arguments for him. *See Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). By not presenting an argument in his brief, de Vryer has abandoned his appeal of the district court's decision. *See Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998). And should de Vryer continue filing appeals with the stated goal of extracting payment to get him to stop, he faces sanctions from this court. *See* FED. R. APP. P. 38; *Berwick Grain Co. v. Ill. Dept. of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000) (imposing sanctions for pursuing frivolous appeal that must have been filed in bad faith); *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1200–01 (7th Cir. 1987) (imposing sanctions for filing appeal consisting of groundless legal arguments).

DISMISSED.