NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2015[*]
Decided August 25, 2015

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1829

| | |
|---|---|
| JOSEPH LEE BELL, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-cv-249-pp |
| GREGORY WAYNE NAWROCKI, et al., | Pamela Pepper, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Joseph Bell filed this action in federal court against his Milwaukee landlord and two other men. Essentially he alleges that his landlord tried to pressure him into abandoning his apartment by withholding adequate heat and hiring the other defendants—one of them a neighborhood drug dealer—to provoke a physical

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

altercation and give the landlord a pretext to evict him. The action of the defendants, Bell claims, violated the terms of his lease as well as state landlord-tenant laws.

The district court screened Bell's complaint, *see* 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and dismissed the action after concluding that Bell does not assert any claims under federal law or allege diversity jurisdiction over his state-law claims. Bell appeals, but he does not dispute the absence of diversity jurisdiction. And, as the district court explained, there is no federal-question jurisdiction because Bell's complaint raises only state-law claims. Thus the district court properly dismissed the case for want of subject-matter jurisdiction.

AFFIRMED.