In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-2236

KEVIN A. WILLIAMS,

*Plaintiff-Appellant,*

*v.*

SHARON HANSEN, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 13 C 1187 — **Michael M. Mihm**, *Judge.*

SUBMITTED AUGUST 18, 2016 — DECIDED SEPTEMBER 20, 2016

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, Kevin Williams, who is serving a 65-year prison sentence for murder and for concealing the murder and is incarcerated at Pontiac Correctional Center, an Illinois maximum-security state prison, ordered a death certificate from the county clerk's office—the death certificate of the woman, Traci Todd, whom he'd murdered. Members of the prison's staff confiscated the certificate (which had arrived at the prison accompanied by an

unsigned note that read: "There is a place in hell waiting for you [i.e., Williams] as you must know you will reap what you have sowed!" (the accompanying note was also confiscated, although there is no indication that Williams wants it). The reason given for confiscating the certificate was that "Williams could not have the death certificate because it posed a threat to the safety and security of the institution and would negatively impact Inmate Williams' rehabilitation."

The confiscation precipitated this suit by Williams under 42 U.S.C. § 1983 against the staff members involved in the confiscation, as well as against the prison warden at the time and the director of the state prison system. Williams contends that by confiscating the certificate without even giving him a chance to read it, the defendants had infringed the First Amendment. The judge dismissed some of the defendants at the outset of the case; their dismissal was justified because they hadn't been involved in the decision to confiscate the certificate. Summary judgment for defendant Hansen was justified on the same ground. The judge granted summary judgment for the other defendants on a different ground: that their confiscating the certificate had decreased the risk that inmates would retaliate against "boasting inmates" like Williams, and also had protected Todd's family because the death certificate might include information identifying members of the family.

Although "prisoners have protected First Amendment interests in both sending and receiving mail," *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), a prison can confiscate an inmate's mail if confiscation "is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89

(1987). But the prison must present "some evidence to show that the restriction is justified." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 639 (7th Cir. 2005); see also *Brown v. Phillips*, 801 F.3d 849, 854 (7th Cir. 2015). The defendants' brief argues that the "place in hell" note that accompanied the certificate threatened violence against Williams; yes, but violence in hell, not in the prison; no prison official suggested that the note portended violence in the prison. Again without any supporting statement by a prison official, the defendants argue that Williams could use the death certificate as a "trophy," which would increase tension within the prison and decrease his chances for rehabilitation. A prison does have a legitimate safety concern about "boasting inmates" carrying around trophies of their victims. But Williams asserted in his deposition and affidavit that he had ordered the death certificate for use in state post-conviction proceedings rather than to save as a trophy of his crime, and the defendants have presented no contrary evidence to support their assumption that Williams wanted a trophy. And the prison could have avoided this controversy in the first place by holding on to the death certificate except for the short time needed to include it (or indeed just a xerox copy of it) in Williams's court filing.

The remaining defendants argue however that even if Williams has stated a claim for relief, they are insulated from liability because the right that he asserts was not clearly established when they violated it. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011). Wrong. The right of a prison inmate to read the mail he receives, provided that his reading it would not infringe the prison's legitimate interests, is, as noted above, clearly established.

The judgment of the district court is affirmed with regard to the dismissal of the defendants not involved in the confiscation of the death certificate, but is otherwise reversed and the case remanded for further proceedings consistent with this opinion.