NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2017[*]
Decided October 12, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-4272

|  |  |
|---|---|
| HERMAN M. GRIFFIN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cv-03103-TWP-DKL |
| INDIANA DEPARTMENT OF CORRECTION, *Defendant-Appellee*. | Tanya Walton Pratt, *Judge*. |

**O R D E R**

In this suit under 42 U.S.C. § 1983, Herman Griffin claims he was denied adequate medical care in violation of the Eighth Amendment when a prison physician prescribed a hypertension drug that Griffin says left him "chemically castrated." (Griffin, who no longer is incarcerated, brought additional claims concerning the conditions of his parole and a requirement that he register as a sex offender, but those claims have been

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

abandoned.) The district court dismissed the action at screening, *see* 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), after giving Griffin a chance to shore up his complaint. Griffin appeals.

We review de novo a dismissal under 28 U.S.C. § 1915(e)(2), and we accept the facts alleged in Griffin's complaint as true. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820 (7th Cir. 2009). Griffin alleges that while he was incarcerated at Plainfield Correctional Facility in 2007, a physician prescribed atenolol for high blood pressure. According to Griffin, the physician said that administrators in the Indiana Department of Correction had compelled him to prescribe this particular drug despite his concern about possible side effects. The atenolol prescription was renewed by other physicians and at other Indiana correctional institutions until Griffin was paroled in 2014. After that Griffin's personal physician told him he had been "chemically castrated" and referred him to a urologist.

Given these allegations, the district judge understood Griffin to be claiming that he had received constitutionally inadequate medical care in prison. But Griffin had sued only the Department of Correction, which is not a suable "person" under § 1983, and the judge also surmised that the claim was barred by the two-year statute of limitations governing § 1983 claims arising in Indiana. *See* IND. CODE § 34-11-2-4(a); *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). The judge thus ordered Griffin to explain why his case should not be dismissed. Griffin responded that his complaint alleges an ongoing violation that ended only when he was paroled in 2014, less than two years before he filed suit. The judge was not persuaded and dismissed the action.

She was right to do so. Whether or not the suit was timely, the complaint names only the Department of Correction as a defendant. Yet the Department is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Griffin's complaint therefore fails to state a claim.

AFFIRMED.